# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20056-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ERIC W VIGERS (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release (Doc. 44) wherein Defendant Eric W. Vigers moves for early release due to his medical conditions. The Government maintains that the medical conditions that Vigers have identified are not identified as CDC risk factors which make him particularly vulnerable to becoming seriously ill from COVID-19 should he contract the disease in prison. The Government further maintains that Vigers has failed to substantiate his claims of ailments and has failed to show that he is not a danger to any other person or the community.

## INTRODUCTION

On August 12, 2004, Vigers was indicted with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 371 (Count 1) and two counts of interference with commerce by robbery in violation of 18 U.S.C. § § 1951 and 1 (Counts 4 and 6).[1] On August 7, 2005, Vigers was also charged by Bill of Information with an additional count of interference with commerce by robbery (Count 1) and one count of

---

[1] PSR, ¶ 1.

using, carrying, possessing, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § § 924 (c)(1)(ii) and 2 (Count 2).[2]

On May 3, 2005, Vigers plead guilty to Count 1 of the Indictment and both counts of the Bill of Information.[3] On February 24, 2006, Vigers was sentenced to 60 months imprisonment for Count 1 of the Indictment and 180 months imprisonment for Count 1 of the Bill of Information to be served concurrently.[4] As to Count 2 of the Bill of Information, Vigers was sentenced to 120 months, to be served consecutive to the other counts, as mandated by statute.[5]

Vigers claims he made a request to the BOP for early release and was denied said request. The Government asserts that the BOP could not locate any request made by Vigers, nor any denials of Vigers' alleged request for early release. Thus, the Government contends that it is unclear as to whether or not Vigers exhausted his administrative remedies. Be that as it may, the Government maintains that even if Vigers had exhausted his administrative remedies, he is not entitled to any relief.

## **LAW AND ANALYSIS**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion

---

[2] Doc. 1.
[3] Doc. 4.
[4] Doc. 8.
[5] Id.

for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[6] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[6] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[7] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The district courts have concluded that general health concerns and a fear of the COVID pandemic are insufficient grounds to establish the extraordinary and compelling reasons to reduce a sentence. See e.g. *United States v. Koons,* 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020); *United States v. Wright,* 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Marco Perez-Serrando,* 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020).

Vigers complains that he suffers from high blood pressure, unspecified glaucoma, chronic rhinitis, asthmas, and a prior COVID-19 diagnosis.[8] He also claims to have been

---

[7] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .
[8] Doc. 44, p. 7.

diagnosed with an unspecified terminal illness.[9] Vigers has not attached his medical records to support his complaints.

The Government argues that Vigers' alleged medical conditions are not an extraordinary and compelling reason for warranting the requested relief; Vigers' medical conditions have not been recognized as a COVID-19 risk factor. In addition, Vigers' request for a reduction in sentence is unmerited in light of the factors set forth in § 3553(a), and Vigers' release would pose a danger to the community.

First, Vigers has not provided medical records to substantiate his medical condition, nor his alleged terminal illness. See *United States v. Clark,* 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020) (recognizing that "[g]enerally, the defendant has the burden to show circumstances meeting the test for compassionate release"); see also *United States v. Aguila,* 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020) ("Although Defendant claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims."); *United States v. Lotts,* 2020 WL 835298 (D.N.M. Feb. 20, 2020) (denying the motion where the defendant did not provide the court with any evidence substantiating his purported conditions or their severity). For this reason alone, the Court will deny Vigers' request.

However, even if Vigers had submitted his medical records, none of the "known" conditions—high blood pressure, unspecified glaucoma, chronic rhinitis, asthma, or prior COVID-19 infection—fall within one of the categories specified in the policy statement's

---

[9] Id. p. 6.

application note. In other words, these ailments do not rise to the level of severity required under the policy statement that would warrant an early release. Furthermore, Vigers has not established that the BOP is incapable of managing any COVID-19 contagion so that release is warranted and Vigers has failed to show that the BOP is not capable of managing his medical conditions at the facility.

Finally, Vigers has not demonstrated that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) or that release is appropriate in light of the § 3553(a) factors. Vigers is a convicted armed robber who was involved in a string of robberies which placed many innocent victims in harm's way; these victims have testified that they were in fear for their lives during the robberies.

Furthermore, Vigers has repeatedly demonstrated an inability to refrain from criminal conduct when not incarcerated. For instance, he was released on parole on December 11, 2003 and seventeen (17) days later, he and his accomplices were robbing the employees of the Double Diamond Casino at gunpoint. Vigers' prison disciplinary record reveals that he has had no fewer than 16 disciplinary infractions.[10]

The Court agrees with the Government. Vigers has failed to substantiate his alleged ailments with his prison medical records. Even if he had provided the medical records, Vigers ailments do not rise to the level of an extraordinary and compelling reason to warrant early release. Furthermore, Vigers has failed to persuade the Court that he is not a danger to another person or the community. Accordingly,

---

[10] Government exhibit 2.

**IT IS ORDERED** that the Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of July, 2021.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**